**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | | | |
|---|---|---|---|
| JAMES REED GRIFFIN, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV410-108 |
| | ) | | CR407-043 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**REPORT AND RECOMMENDATION**

James Reed Griffin has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears from the motion . . . that the moving party is not entitled to relief." Griffin's motion is untimely and warrants Rule 4 dismissal.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to require a movant to file a § 2255 motion within one year of the date his judgment of conviction becomes final. 28

U.S.C. § 2255 (f)(1). Here, Griffin appealed his sentence after entering a plea of guilty to distribution of five grams or more of cocaine base. *United States v. Griffin*, 284 F. App'x 722, 723 (11th Cir. 2008). The appeal was decided on July 2, 2008, but Griffin did not petition the United States Supreme Court for certiorari. (Doc. 1 at 2.) Hence, his conviction became "final" when the time for filing a certiorari petition expired. *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *see Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (applying same principle in the 28 U.S.C. § 2254 context). Griffin was entitled to petition for certiorari within 90 days of the entry of the judgment against him by the Eleventh Circuit. Sup. Ct. R. 13.1. Hence, his conviction became "final" on September 30, 2008, 90 days after the Eleventh Circuit mandate. He did not file his § 2255 motion until May 3, 2010, nearly a year-and-a-half later. Hence, his motion is untimely. Indeed, Griffin admits as much, but he argues that the limitations period should be tolled. (Doc. 1 at 12-13.)

Griffin contends that his appellate attorney, Craig Bonnell, failed to keep him informed of the status of his appeal or even that he had filed an appeal. (*Id.* at 12.) He did not learn that his appeal had concluded until December 2009, when he sent in a docket sheet request to the Court of Appeals. (*Id.*) Since he was not aware that Bonnell had even filed an appeal, he was stunned when he discovered that the appeal had been denied over a year earlier. (*Id.*) Hence, he prays that the Court toll the § 2255 limitations period.

The AEDPA period of limitation may be subject to equitable tolling only in cases "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008) (*quoting Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). The petitioner, who bears the burden of establishing equitable tolling, must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. Fla. Dep't of Corrs.*, 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "'Equitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly

extreme case.'" *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) (citing *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008) (per curiam)). Moreover, "[a]ttorney negligence, even gross negligence, does not warrant equitable tolling." *Id.* There must be "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" in order for a court to find there was such egregious attorney misconduct that a petitioner is entitled to equitable tolling. *Holland*, 539 F.3d at 1339. In *Holland*, the habeas petitioner sought tolling based upon nearly the same grounds Griffin alleges: Holland's attorney failed to communicate with him on the status of his case or to file a federal habeas petition despite repeated instructions to do so. *Id.* Even assuming that Holland's counsel's actions to amounted to gross negligence, the Eleventh Circuit denied tolling, since Holland made no allegation indicating that his attorney made knowing or reckless factual misrepresentations or was otherwise dishonest. Here, Griffin, like Holland, has not alleged bad faith, dishonesty, or divided loyalty nor made any other allegation persuading the Court that a hearing on the matter is warranted. *Id.* ("We are satisfied that the district court did not err in declining to hold an evidentiary hearing on

the issue of equitable tolling."). Hence, tolling is not warranted, and Griffin's § 2255 motion (doc. 1) should be **DENIED** as untimely.

**SO REPORTED AND RECOMMENDED** this 12th day of May, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA