UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES R. GRIFFIN,

Plaintiff,

v.                    410CV108

UNITED STATES OF AMERICA,

Defendant.

## ORDER

Currently pending before the Court is 28 U.S.C. § 2255 movant James R. Griffin's motion for reconsideration, doc. # 10, of the Court's Order denying his § 2255 motion as untimely, doc. ## 2 (Report & Recommendation ("R&R")), 8 (Order adopting R&R).

The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

Griffin seeks reconsideration because the Supreme Court recently reversed and remanded one of the Eleventh Circuit cases that the Magistrate Judge discussed in recommending the dismissal of Griffin's motion. Doc. # 10 at 4-6. Griffin having presented a valid basis for seeking reconsideration, the Court now must determine whether the Supreme Court's Order reversing the circuit case undermines this Court's basis for dismissing Griffin's motion. *See Wright v. Florida*, 495 F.2d 1086, 1090 (11th Cir. 1974) ("[S]ince the district court held its hearing in this case, the Supreme Court has reversed this court's decision in *Becker v. Thompson*, [which was] relied on in part by the district court in dismissing plaintiff's claims for equitable relief. Therefore, the district court will reconsider its treatment of plaintiff's claims for equitable relief in light of this reversal.") (citations omitted).

From the outset, Griffin has acknowledged that his § 2255 motion was untimely. He urged, however, that his situation warranted equitable tolling of the one-year time limit set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Doc. # 1 at 13. In his § 2255 motion, Griffin explained that he sent numerous letters and made several phone calls to counsel, who had not been keeping him informed of the status of his appeal, and that – as of the time that Griffin filed the § 2255 motion – counsel still had not returned his calls or letters. *Id.* at 12. He states that, as a result of counsel's refusal to communicate, he did not learn of the Eleventh Circuit's 7/2/08 ruling in his case until December 2009, when he finally "wrote the Court of Appeals for an [a]ppeal [d]ocket sheet in [his] case." *Id.*

In his R&R, the Magistrate Judge discussed the particular timing issues in this case. *See* doc. # 2 at 1-2. Because Griffin did not petition the United States Supreme Court for certiorari following the Eleventh Circuit's affirmance, Griffin's conviction became final (and the AEDPA's one-year "clock" started running) when the time for

filing such a certiorari petition expired: 9/30/08. *See id.* at 2 (citing *Clay v. U.S.*, 537 U.S. 522, 524-25 (2003)). According to Griffin's averments, he did not receive notice of the Eleventh Circuit's ruling until December 2009, nearly a year and a half after the ruling was made. Doc. # 1 at 12.

After reviewing much of the still-intact case law regarding equitable tolling, the Magistrate Judge refused to apply the remedy to Griffin's case. Doc. # 2 at 4-5. After emphasizing the general rule that, in order to establish equitable tolling, a movant must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. Fla. Dep't of Corrs.*, 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), the Magistrate Judge discussed the Eleventh Circuit's decision in *Holland v. Florida*:

> Moreover, "[a]ttorney negligence, even gross negligence, does not warrant equitable tolling." [*Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008)]. There must be "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" in order for a court to find there was such egregious attorney misconduct that a petitioner is entitled to equitable tolling. [*Id.*] at 1339. In *Holland*, the habeas petitioner sought tolling based upon nearly the same grounds Griffin alleges: Holland's attorney failed to communicate with him on the status of his case or to file a federal habeas petition despite repeated instructions to do so. *Id.* Even assuming that Holland's counsel's actions ... amounted to gross negligence, the Eleventh Circuit denied tolling, since Holland made no allegation indicating that his attorney made knowing or reckless factual misrepresentations or was otherwise dishonest. Here, Griffin, like Holland, has not alleged bad faith, dishonesty, or divided loyalty nor made any other allegation persuading the Court that a hearing on the matter is warranted. *Id.* ("We are satisfied that the district court did not err in declining to hold an evidentiary hearing on the issue of equitable tolling.").

Doc. # 2 at 4-5. Thus, the dismissal was based solely upon Griffin's failure to make an adequate showing of the second prong – "that some extraordinary circumstance stood in his way and prevented timely filing," *Lawrence*, 549 U.S. at 336.

As Griffin points out in his reconsideration motion, the Supreme Court has since rejected much of the Eleventh Circuit's opinion in *Holland*. *Holland v. Florida*, case no. 09-5327, 2010 WL 2346549, at *1 (U.S. 6/14/10).

Although the Supreme Court acknowledged that, "in the context of procedural default, we have previously stated, without qualification, that a petitioner 'must bear the risk of attorney error,'" *id.* at *12 (quoting *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)), the Court stated that it "cannot read *Coleman* as a *per se* approach in this context." *Id.* The Court elaborated:

> We have previously held that "a garden variety claim of excusable neglect," [*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)], such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, *Lawrence*, [549 U.S.] at

2

336, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

*Holland*, 2010 WL 2346549, at *13. After opining that "the record facts we have elucidated suggest that the failure amounted to more [than simple negligence]," the Court remanded the case, instructing the appellate court to "determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that [Holland] should prevail." *Id.* at *14.

In light of the fact that the R&R hinged in large part on the factual similarities between this case and *Holland*, particularly with regard to counsels' shortcomings in communicating with their clients, and because the Eleventh Circuit has yet to address the *Holland* case on remand, the Court will now discuss an alternative ground for the dismissal. The dismissal will remain intact, as Griffin has not shown that he exercised the level of diligence in investigating and bringing his claims that is required for a finding of equitable tolling.

Although, as the Supreme Court emphasized in *Holland*, equitable tolling does not require "maximum feasible diligence," it does require "reasonable diligence." *Id.* at *14. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. *Dodd v. U.S.*, 365 F.3d 1273, 1282 (11th Cir. 2004); *see also Nat'l Cement Co. v. Fed. Mine Safety & Health Review Comm'n*, 27 F.3d 526, 530-31 (11th Cir. 1994) (discussing requirement of due diligence for equitable tolling to apply); *Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993) (describing due diligence as "necessary" for equitable tolling); *Raziano v. U.S.*, 999 F.2d 1539, 1541 (11th Cir. 1993) (emphasizing the "limited availability of equitable tolling" and explaining that it is appropriate only when party has exercised due diligence).

In *Holland*, for instance, the Supreme Court found that Holland had been reasonably diligent because he had not only written his attorney numerous letters and had repeatedly contacted the state courts, their clerks, and the Florida State Bar Association about counsel's failure to keep him up-to-date, but also because Holland was diligent in seeking habeas relief on his own after discovering that counsel had failed to do so within the required time period. 2010 WL 2346549, at *14. Indeed, the Court heavily emphasized this factor: "[T]he *very day* that Holland discovered that his AEDPA clock had expired due to [counsels'] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Id.* (emphasis in original).

Here, in contrast, Griffin (according to his application and accompanying affidavit and documentation) made his very first inquiry to his lawyer regarding his appeal on 12/1/08, more than a year after his 10/11/07 sentencing (and some two months after his conviction became final). Despite counsel's failure to respond, Griffin did not write to counsel again until 9/27/09,[1] and he waited

---

[1] The Court notes that certain statements in Griffin's second (9/27/08) letter to counsel imply that Griffin

3

at least a year after his first failed inquiry to counsel to seek information directly from the appellate court (in December 2009). Following the receipt of his request for information, the appellate court promptly informed him that the appeal had been denied.

Perhaps most important to the diligence examination, however, is the fact that, upon discovering that the Eleventh Circuit had issued a ruling on his appeal nearly a year and a half prior, Griffin waited another five months to submit his habeas motion seeking equitable tolling. *See Flight Attendants Against UAL Offset (FAAUO) v. Comm'r*, 165 F.3d 572, 576 (7th Cir. 1999) ("[A] party who wants to appeal to the doctrine of equitable tolling to excuse a late filing [must] show ... that he tried diligently to file within the deadline *or as soon afterwards as possible*.") (emphasis added); *see also Jones v. U.S.*, 304 F.3d 1035, 1040 (11th Cir. 2002) (to qualify for equitable tolling, a "petitioner must show that he or she exercised reasonable diligence in investigating *and bringing* the claims") (citing *Miller v. N.J. Dep't of Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998) (emphasis added).

The Court cannot ignore the fact that, during a two-year period, Griffin sent only two letters to counsel, and, despite counsel's unresponsiveness, waited almost a year before seeking information directly from the circuit court regarding the status of his appeal. Thus, Griffin has not demonstrated diligence during the time period that the one-year clock was running. Moreover, after finding out that his conviction had become final at least a year earlier, Griffin showed no diligence in submitting his claims, instead waiting five months to submit his claims and request equitable tolling. Such dilatory behavior cannot qualify one for equitable tolling. As a result of Griffin's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling.

Based on the foregoing, the Court **DENIES** Griffin's motion for reconsideration of the Court's dismissal of his case. Doc. # 10.

This day of 15 July 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

may have already discovered that an order had been made regarding his appeal. *See* doc. # 1-5 at 3 (requesting that counsel send him a "copy of the [d]irect [a]ppeal [counsel] filed, and its out come [sic]," and stating that Griffin wanted "an explanation as to why [counsel] never told [Griffin] that [his] appeal was completed in a timely manner," and expressing concern that he did not "have the required time to file [his] Post Conviction Motion"). What's more, the Court received a letter from Griffin on 11/10/09, wherein he requested the appointment of counsel to assist him in filing a § 2255 motion. Thus, Griffin may have known about the Eleventh Circuit's ruling earlier than he has alleged, and perhaps before the one-year limitation expired.